FILED
FEBRUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FELIPE MARTINEZ**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>                Plaintiffs,<br>v.<br><br>**GREATER CHICAGO INCORPORATED d/b/a Baba Palace,** an Illinois corporation, **MOHAMMAD A. MALIK**, individually, and, **SHABANA RAHMAN**, individually,<br><br>                Defendants. | No. 07 CV 6573<br><br>Judge Coar<br><br>Magistrate Judge Keys |

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, Paul Luka, representing the plaintiff, and John O'Keefe, representing the defendants, **GREATER CHICAGO INCORPORATED**, and **MOHAMMAD A. MALIK**, met telephonically on February 4, 2008, pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;
(2)    the possibilities for a prompt settlement or resolution of this case;
(3)    to make or arrange for the disclosures required under Rule 26(a)(1); and
(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

    1.    The defendants could stipulate to which entities and/or individuals were employer(s) of the plaintiff.
    2.    The defendants could disclose information detailing the ownership and control of Greater Chicago Incorporated.
    3.    The defendants could disclose payroll records and time logs (such as time cards).
    4.
    5.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

1. No modifications are suggested at this point. However, counsel for the parties are discussing the possibility of engaging in informal discovery with an "attorneys-eyes only/clawback" agreement.
2. 
3. 
4. 
5. 

C. Discovery will be needed on the following subjects:

1. Records pertaining to the plaintiff's work hours – such as time cards.
2. Payment records, such as check stubs.
3. Ownership and control of Greater Chicago Incorporated, and/or supervision of the plaintiff's work.
4. Tax records.
5. Bank statements or records from other financial institutions.

D. Discovery should/~~should not~~ be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge. Yes_____ No___X____.

F. The parties consent/do not consent to this matter being referred to the Magistrate Judge for final disposition at this time.

G. The parties have discussed the possibility of alternative dispute resolution and concluded:

1. The plaintiff might be amenable to ADR, if he can first obtain payroll and tax records from the defendant, through the discovery process.

H. The parties have discussed a prompt settlement or other resolution of this matter. Because this case was brought as a putative collective action, pursuant to 29 U.S.C. 16(b), the full measure of damages is yet unknown. The plaintiff hopes to ascertain the same through the discovery process.

I. The Court should consider the following methods of expediting the resolution of this matter:

1. Hopefully, when the aforesaid payroll, time, tax and bank records are disclosed, the parties will be able to come to terms. The Court should oversee the prompt disclosure of relevant records.
2. A settlement conference might be fruitful after the parties have had an opportunity to complete written discovery.

| /s/Paul Luka | (not signed – no appearance on file) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| Roy P. Amatore, Esq. | John O'Keefe, Esq. |
| Paul Luka, Esq. | 533 Meadow Rd. |
| Amatore & Associates, P.C. | Winnetka, IL 60093-4016 |
| 120 S. State Street, Suite 400 | 847. 675.4790 (Tel) |
| Chicago, IL 60603 | 847.673.7455 (Fax) |
| 312.236.9825 (Tel) | |
| 312.236.9826 (Fax) | |